In the Matter of JOHN H. BECKER, Petitioner, against J. RAYMOND MCGOVERN, as Comptroller of the State of New York, Respondent.— Application under article 78 of the Civil Practice Act to review a determination by the respondent disapproving and denying the petitioner's application for accidental disability retirement under the provisions of section 79 of the Civil Service Law. The petitioner was born on October 2, 1893. In 1929, he became a patrolman of the Nassau County Police Department and a member of the New York State Employees' Retirement System. It is undisputed that the petitioner suffered accidental injuries on two occasions while in the performance of duties back in 1929 and 1933. On October 9, 1929, he was struck by an automobile causing minor injuries, consisting of contusions and abrasions of the left ankle, right knee and face, and he returned to duty on November 9, 1929. On May 27, 1933, he was run down by a hit and run driver and was rendered unconscious. He sustained a concussion of the brain and a cut over the right eyebrow and he was incapacitated for about a month and a half. He resumed his regular duties as a patrolman and continued in that employment for over fifteen years until July 27, 1949, when he reported that he was sick. On September 2, 1949, he filed application for accidental disability retirement based upon the accidents which had occurred twenty years and sixteen years before the application, respectively. The application was disapproved upon the basis of the medical board's findings and thereafter upon request a hearing was held before a deputy

comptroller. The deputy comptroller disapproved the application. According to the medical evidence, there were four factors contributing to the alleged disability of the petitioner, two of them wholly unrelated to the accidents, one directly related to the second accident and the other partially related to it. There was medical evidence, which the Comptroller had the right to accept, to the effect that the deafness and hypertension of which the petitioner complained were wholly unrelated to the accidents. The accident of 1933 had resulted in the severance of a right supraorbital nerve which caused a numbness and a disturbed sensation in this area of the forehead. This condition remained substantially unchanged ever since the accident but it apparently did not interfere with the petitioner's capacity to perform his duties. Finally, the petitioner complained of dizziness or giddiness, which was diagnosed as postural vertigo. This was attributable in part to the accident of 1933 but the petitioner continued to work, for over sixteen years, notwithstanding this condition, and he did not take any medical treatment for it. It was the opinion of the expert consultant that this condition was not permanent and that it could have been cleared up by proper treatment and that it would still "respond very well to treatment." Upon the whole record, there was substantial evidence to support the Comptroller's determination. There was proof that, of the two conditions which were attributable to the accident, one, the severance of the nerve, is permanent but is not disabling, and the other, the vertigo, is not totally disabling and, in any event, is not permanent in nature. It was therefore permissible for the Comptroller to conclude that the petitioner was not suffering from physical or mental incapacity as the natural and proximate result of accidental injuries, within the meaning of section 79 of the Civil Service Law. The Comptroller's determination of questions of fact upon the basis of substantial evidence is conclusive (*Matter of McCadden* v. *Moore*, 276 App. Div. 490, affd. 301 N. Y. 760). Determination confirmed, without costs. Foster, P. J., Bergan, Coon and Halpern, JJ., concur; Imrie, J., dissents in the following memorandum: I dissent. The Comptroller's disapproval of petitioner's application for accidental disability retirement is founded on the opinion of the impartial medical examiner selected by the medical board. Though the testimony of various other doctors, including their opinions of petitioner's total and permanent disability resulting from accidental causes, is set up in the determination as findings of fact, such opinions were disregarded. The impartial examiner's testimony concedes the direct causal relationship of some of petitioner's symptoms, particularly the "giddiness", to the accident of May 27, 1933, and his at least partial disability as well as inability to perform regular police duties. There was such a preponderance of proof contrary to the determination as to justify setting it aside. (*Matter of Stork Restaurant, Inc.*, v. *Boland*, 282 N. Y. 256, 273.)